NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

AUG 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLORIA ABURTO ZARCO,<br><br>              Petitioner,<br><br>    v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No.    23-2632<br><br>Agency No. A205-408-855<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 22, 2024**
Portland, Oregon

Before:  WALLACH,*** CHRISTEN, and HURWITZ, Circuit Judges.

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

        ***       The Honorable Evan J. Wallach, United States Circuit Judge for the Federal Circuit, sitting by designation.

Petitioner Gloria Aburto Zarco, a native and citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals ("BIA") dismissing her appeal of an order by an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The parties are familiar with the facts of the case, and we do not recite them here. We deny the petition.

1. Petitioner is incorrect that this court should review the BIA's and IJ's opinions together. The BIA performed its own review of the IJ's opinion, and nowhere does the BIA state that it adopted the IJ's opinion as its own. *See Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) ("Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." (cleaned up)).

2. Petitioner challenges the BIA's determination that she did not experience past persecution, arguing that the pattern of incidents against her and her family rises to the level of persecution. We find the agency decision supported by substantial evidence. Harm to family and friends is a factor that can weigh in favor of a past persecution finding, but only where such harm is "part of a pattern of persecution closely tied to the petitioner." *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021) (cleaned up). The IJ found that the incidents Petitioner's family

experienced were not "closely related to her," and the BIA found no clear error in this finding. The record does not compel a contrary conclusion.

The only incidents Petitioner directly experienced were Mr. Olivo's fraud and the February 14, 2015 extortion threat. Petitioner's assertion that these events are connected rests on speculation. Moreover, even if these two events are linked, they do not involve physical violence, serious physical injury, repetition or follow-up, specific threats, imposed detention, or severe economic deprivation. *See id.* at 1061–63. Therefore, without considering the harms to Petitioner's family, there is substantial evidence for the BIA's conclusion that the harms Petitioner personally experienced do not rise to the level of persecution.

3. Petitioner's argument that the IJ overlooked essential evidence is also unpersuasive. The IJ adequately discussed each of the incidents Petitioner cites in the recital of facts, or in the discussion of past persecution. *See Don v. Gonzales*, 476 F.3d 738, 744 (9th Cir. 2007) (finding that "[t]he IJ adequately considered all relevant evidence in his decision," where the IJ accepted the documents at issue into evidence, heard testimony from both the petitioner and his wife regarding the documents, and referenced them in his decision). None of the IJ's characterizations of the events are irrational or without basis in the record. *See id.* ("The IJ . . . did not abuse his discretion by failing to interpret the evidence in the manner advocated by [the petitioner].").

The IJ did fail to recognize that evidence in the record showed that the robbery at Petitioner's father's ranch occurred on May 4, 2018, stating that it occurred on an "unknown date." However, this fact, and the robbery's temporal proximity to the murder of Petitioner's nephew later that month, are only relevant to the issue of whether these two events are closely related to each other and are immaterial to the issue of whether they are closely related to Petitioner.

4. Petitioner's arguments concerning nexus are not properly before this court because the BIA did not reach this issue in the first instance.

5. Petitioner asserts she has no need to prove she could not safely relocate in Mexico. But when, as here, a petitioner fails to demonstrate past persecution, she bears the burden of demonstrating that internal relocation would be impossible or unreasonable. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019). Petitioner does not challenge the BIA's dispositive conclusion that she could avoid any future encounters with the individuals she fears by relocating within Mexico. She has therefore waived any such challenge. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."). As such, Petitioner's asylum and withholding claims fail.[1]

---

[1] Petitioner does not challenge the BIA's denial of relief under the CAT, but rather the agency's past persecution findings.

**PETITION DENIED.**